IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PATRICK LOFTIS | § | |
| v. | § | CIVIL ACTION NO. 6:05cv38 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Patrick Loftis, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his time computation. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Loftis was convicted of driving while intoxicated, in a probation revocation, on or about May 14, 2004, receiving a sentence of five years in prison. He was first arrested for driving while intoxicated in 1996, and made bond on those charges. He says that he was out on bond until 1999, when he was arrested a second time for driving while intoxicated. He made bond again and remained free until 2001, when he was arrested for bond forfeiture in Wisconsin.

At that time, Loftis says, he was sent back to Smith County, where he received 10 years' probation, with the stipulation that he serve 9 to 12 months in a therapeutic community and three months in a halfway house. Loftis stayed in the Smith County jail until July 25, 2001, when he went to prison and received treatment until June of 2002; he then went back to Smith County and stayed three months in a halfway house.

In September of 2002, Loftis says that he was again arrested for probation violation, but was reinstated to probation and released in November of 2002. In February of 2004, he was arrested again, and his probation was revoked. Loftis was then sentenced to five years in prison.

Loftis states that he filed a "nunc pro tunc" motion with the Smith County District Clerk on December 27, 2004, but he has received no response. He also filed a TDCJ-CID Form CL-147 time resolution form, but he has not received any response.

Loftis contends that he is entitled to time credits on his sentence for one day in his first arrest, one day in his second arrest, five months on his bond forfeiture arrest, 11 months of time previously served in TDCJ-CID, three months of time served in the halfway house, two months of time served on his probation revocation which ended in November of 2002, and all time served since February of 2004. He calculates that he should have 32 months of credit on his concurrent five-year sentences, but TDCJ-CID has calculated his sentence beginning date as July of 2003 and given him one year and five months of flat time credit, as of December 16, 2004.

Loftis acknowledges that he does not have any habeas corpus petitions pending in state or federal court. As noted above, he states that he filed a time credit resolution form in TDCJ-CID, but received no response, and that he filed a "nunc pro tunc motion" with the state district court, to which he also received no response.

After review of the pleading, the Magistrate Judge issued a Report on March 21, 2005, recommending that the petition be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge observed that under Texas law, exhaustion of time credit disputes requires that the inmate file a dispute resolution request with the Texas Department of Criminal Justice Time Credit Dispute Resolution Office, receive a written decision from that office, and then file a habeas corpus petition in state court, unless the department has not responded to his request within 180 days or the inmate is within 180 days of being released on parole. See Tex. Gov. Code art. 501.0081; Ex Parte Shepherd, 65 S.W.3d 673 (Cochran, J., concurring) (explaining procedure).

The Magistrate Judge concluded that Loftis did not exhaust his available state remedies because he has neither received a response on his dispute resolution form nor waited the 180-day period without filing a response. In addition, Loftis has not sought habeas corpus relief from the courts of the State of Texas. Because Loftis has not exhausted his state remedies in a procedurally proper manner, the Magistrate Judge recommended that his request for federal habeas corpus relief should be dismissed without prejudice to permit him to do so.

Loftis received a copy of the Magistrate Judge's Report on March 29, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

The Court has examined the Report of the Magistrate Judge and the pleadings in the cause, and has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice. It is further

ORDERED that all motions which may be pending in this cause are hereby DENIED. Finally, it is

ORDERED that the Order of Reference to the United States Magistrate Judge is hereby VACATED. 28 U.S.C. §636(b).

**So ORDERED and SIGNED this 11th day of May, 2005.**



_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**